MIGUEL J. ARZUAGA, Plaintiff and Appellee, *v.* CÁNDIDO RAMÍREZ MUÑOZ, E. ORTIZ SANDOVAL and JUAN POMALES, Defendants and Appellants.

No. 7988. Argued June 12, 1939.—Decided June 13, 1939.

*L. Lloréns Torres* and *A. D. Marchand Paz,* for appellants. *F. González Fagundo,* for appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the Court.

This is an appeal from a judgment rendered by the District Court of San Juan in a suit which went there from the Municipal Court of Río Piedras. The district court

ordered that the defendants pay to the complainant the amount of one-hundred and fifty dollars with costs but not attorney's fees. The appellee requests the dismissal of the appeal for lack of jurisdiction. The appellee bases its motion on the fact that as the amount of the judgment of the lower court is less than three-hundred dollars, there is no appeal to this Court according to the provisions of Section 295 of the Code of Civil Procedure, to wit:

"Section 295.—An appeal may be taken to the Supreme Court from a District Court:

" . . . . . . . . . .

"2. From a judgment rendered on an appeal from an inferior court, within fifteen days after the entry of such judgment, should the value of the property claimed or amount of the judgment not including products and interest thereon exceed three hundred dollars ($300).

" . . . . . . . . . .

The appellee opposes the dismissal alleging that as four-hundred and sixty dollars were claimed and awarded by the municipal court, that is the amount which determines the jurisdiction and not the amount of the judgment rendered by the district court on appeal.

 Many years ago this provision of the law was interpreted and applied by this Supreme Court. In the case of *Nadal* v. *Am. R. R.*, 19 P.R.R. 1024, 1025, this Court, through its Chief Justice Mr. Hernández, stated as follows:

"In deciding the question of the jurisdiction of this court, shall we be guided by the amount sued for or by the amount for which judgment was rendered?

"The wording of the statute quoted does not establish a general and absolute rule that in order to determine the jurisdiction of this court in cases originating in the municipal courts the amount sued for shall be taken always as the basis, for there are cases in which the jurisdiction depends upon the amount of the judgment. The text of the statute should be construed so as to give effect to the whole, and if we hold that only the amount sought to be recovered can be taken as a basis for determining whether or not the appeal

lies, the words of the statute relative to the amount of the judgment would be superfluous. °

"In order to give effect to the language of the statute, we should construe it in the sense that in determining the jurisdiction of this court in cases of appeal from judgments of district courts in appeals from municipal courts, the amount claimed in the complaint should govern when that amount is the subject-matter of the appeal, and the amount of the judgment should govern when that and not the amount claimed in the complaint is the subject-matter of the appeal.

"It follows from the said doctrine that if Salvador Nadal had appealed from the judgment rendered by the District Court of Mayagüez in order to recover the indemnity of $400 prayed for in the complaint, the jurisdiction of this court would be determined by the amount claimed in the complaint itself; but as the appeal was not taken by the plaintiff but by the defendant, The American Railroad Company of Porto Rico, which sought to be relieved of the payment of the $280 damages imposed by the judgment appealed from, the jurisdiction of this court should be determined by the amount of the judgment, which amount and not the amount sued for in the complaint is the subject-matter of the appeal. This is true to such an extent that, no appeal having been taken by Salvador Nadal, this court could not grant him an amount of damages exceeding the $280 allowed him by the judgment appealed from."

Applying this jurisprudence to the facts of this case, it decides it in favor of the motion. The complaint claimed four-hundred and sixty dollars. The municipal court ordered the defendants to pay it to them. The defendants appealed to the district court. The district court held the new trial and rendered judgment for one-hundred and fifty dollars. The complainant accepted the judgment. Can the defendants appeal to this Court? No, given the attitude assumed by the complainant, the only sum finally involved in the case is the amount of the judgment which is less than the jurisdictional amount. The situation is now the same as if the complaint had been made originally for one-hundred and fifty dollars.

The appeal should be dismissed for lack of jurisdiction.